B104 (FORM 104) (08/07)

## ADVERSARY PROCEEDING COVER SHEET
### (Instructions on Reverse)

| | ADVERSARY PROCEEDING NUMBER |
|---|---|
| | (Court Use Only) |

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Andrew J. Delisio   Sara Delisio<br>2 Brenda Drive<br>Millbury, MA 01527 | Ted C. Strzelecki<br>and Julie A. Strzelecki<br>dba TCS Homes & Construction<br>aka Julie A. Bangma |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Law Office of Mark W. Bartolomei<br>51 Union Street<br>Suite G10<br>Worcester, MA 01608<br>508-754-5900 | **ATTORNEYS** (If Known)<br>Carl D. Aframe, Esq.<br>Aframe & Barnhill<br>370 Main Street, Suite 975<br>Worcester, MA 01608 |

| PARTY (Check One Box Only) | | PARTY (Check One Box Only) | |
|---|---|---|---|
| ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin | ☑ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☑ Creditor | ☐ Other | ☐ Creditor | ☐ Other |
| ☐ Trustee | | ☐ Trustee | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiffs, pursuant to 11 U.S.C. Sec. 523(a)(2) and Sec. 523(a)(4) alleges that debt owed to them should not be discharged as the Defendants/Debtors obtained money by false pretense, false presentations or fraud and kept money meant to be paid to others

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/ Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner-§363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☑ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive Relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case- 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand   $ 0.00 |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR Ted C. Strzelecki and Julie A Strzelecki, dba TCS Homes and Construction aka Julie A. Bangma | BANKRUPTCY CASE NO. 08-42421 | |
| DISTRICT IN WHICH CASE IS PENDING **District of Massachusetts** | DIVISIONAL OFFICE **Worcester** | NAME OF JUDGE **Honorable Joel B. Rosenthal** |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING **District of Massachusetts** | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
|---|---|---|
| DATE 1/7/09 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) **Mark W. Bartolomei** 561024 | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely selfexplanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **TED C. STRZELECKI and** | * | **Case No. 08-42421 jbs** |
| **JULIE A. STRZELECKI** | * | **Chapter 7** |
| **Debtors** | * | |
| **dba TCS HOMES &** | * | |
| **CONSTRUCTION** | * | |
| **aka JULIE A. BANGMA** | | |

| | | |
|---|---|---|
| | * | |
| **ANDREW J. DELISIO and** | * | |
| **SARA DELISIO** | * | |
| **Plaintiffs** | * | **ADV No.** |
| | * | |
| | * | |
| **v.** | * | |
| | * | |
| **TED C. STRZELECKI and** | * | |
| **JULIE A. STREZELECKI** | * | |
| **dba TCS HOMES &** | * | |
| **CONSTRUCTION** | * | |
| **Aka JULIE A. BANGMA** | * | |
| **Defendants** | * | |

## COMPLAINT

The Plaintiffs, Andrew J. Delisio and Sara Delisio (hereinafter Plaintiffs), file this complaint against the Debtors, Ted C. Strezelecki, Julie A. Strezelecki aka Julie A. Bangma and TCS Homes & Construction (hereinafter Debtors and Defendants), requesting that the court declare nondischargeable the debt owed the Plaintiffs as listed on Schedule F of the Debtors' Bankruptcy Petition, and alleges:

### Jurisdiction and Venue

1.      This court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 157(b).  This adversary proceeding relates to the Chapter 7 case of the Debtors, filed in

the United States Bankruptcy Court for the District of Massachusetts, Worcester

Division.  Pursuant to Bankruptcy Rule 7008(a), the Plaintiffs state that this complaint

has core elements within the meaning of 28 U.S.C. § 157.

2.      This action is brought pursuant to the 11 U.S.C. §§ 523(a)(2), 523(a)(4) and

523(a)(6).

### Parties

3.      The Plaintiffs are individuals and a creditor of the Debtors in their Chapter 7

proceeding with a residence of 2 Brenda Drive, Millbury, MA 01527.

4.      The Defendants/Debtors are individuals with a residence at 147 North Main

Street, Millbury, MA 01527.

5.      The Defendants/Debtors are the owners and operators of TCS Homes &

Construction located at 147 North Main Street, Millbury, MA 01527 as listed on the

Defendants/Debtors' Statement of Financial Affairs, Paragraph 18.  This is the same

address that the Defendants/Debtors listed as their mailing address on their Chapter 7

Bankruptcy Petition.

### Factual Allegations

6.      The Defendants/Debtors filed their petition under Chapter 7 of the U.S.

Bankruptcy Code dated July 29, 2008.

7.      The Plaintiffs are creditors of the Debtors as listed in Schedule F (Andrew

Delisio, "Business Debt, TCS Homes & Construction) of Debtors' Bankruptcy Petition.

8.      The Plaintiffs and Defendants entered into a contract dated June 18, 2007

whereby Ted C. Strzelecki dba TCS Homes and Construction would serve as a contractor

to perform improvements and add an addition to a single family home located at 2

Brenda Drive, Millbury, MA 01527.

9.      The contract was signed by Defendant/Debtor, Ted Strzelecki on behalf of TCS

Homes and Construction.  The contract stated that the total price for the improvements

would be $169,432.00.  This balance would be paid in four equal installments as follows:

the first payment at the beginning of the project, the second payment at the installation

stage of the foundation, the third payment at the completion of the framing and the fourth

payment upon the completion of all services.

10.     The Plaintiffs made three payments to the Defendants/Debtors as follows:

$42,000.00 on August 13, 2007 at the beginning of the project, $46,000.00 on October 2,

2007 after the foundation was poured (this payment included an extra $4,000.00 for

rough plumbing as requested by the Defendants/Debtors) and $46,000.00 on November

28, 2007 (this payment included an extra $4,000.00 for rough electrical as requested by

the Defendants/Debtors).  All payments and all interaction relative to the contract were

exclusively between Plaintiff, Andrew Delisio and the Defendants/Debtors.

11.     After the third payment on November 28, 2007, the Defendants/Debtors

performed work sporadically on the property of the Plaintiffs for the next few months.

The Plaintiffs made numerous requests for information from Defendants/Debtors as to

why improvements had slowed down and were told by the Defendants/Debtors that cold

weather and the unavailability of contractors were primary reasons.

12.     During these conversations, the parties agreed that the Defendants/Debtors would

be provided a copy of the employment schedule of the Plaintiff, Andrew Delisio, so that

the Defendants/Debtors could make arrangements to perform work during the period of time that Plaintiff, Andrew Delisio, was home and could monitor all work.

13.     The Defendants/Debtors appeared at the home of the Plaintiffs on Thursday, February 21, 2008 and requested that they be paid the fourth installment under the contract despite the fact that the improvements and addition to the home were not close to being completed.  The Plaintiff, Andrew Delisio, was not home that day as he was working a twenty-four hour shift.  The Defendants/Debtors had knowledge of this fact as they had been previously provided with Mr. Delisio's employment schedule.

14.     The Defendants/Debtors requested a payment in the amount of $41,000.00 despite the fact that additional money had been advanced to him in the second and third payments and the remaining balance was actually $30,432.00.  The Defendants/Debtors made representations to the Plaintiff, Sara Delisio, that Andrew Delisio was aware of the payment and that Mr. Delisio was in agreement with the money being paid to the Defendants/Debtors.

15.     When Plaintiff, Andrew Delisio, returned home on Friday, February 22, 2008 and was informed by his wife of the events of February 21, 2008 that led to money being paid to the Defendants/Debtors, he immediately attempted to contact the Defendants/Debtors to discuss the matter.  The Defendants/Debtors ignored the Plaintiffs for several days before finally contacting them to discuss the matter.

16.     The Plaintiffs informed the Defendants/Debtors during this conversation that they were extremely upset with them for appearing at the home when Mr. Delisio was not present, for requesting a payment that was not due and for lying to Mrs. Delisio about her

husband's supposed knowledge of and agreement with the payment being made to the Defendants/Debtors.

17.     The Defendants/Debtors admitted during this conversation that the money was not due at that time, that they were 'embarrassed' about the entire situation and that the money would be returned forthwith.

18.     However, the Defendants/Debtors did not return the money forthwith. They made numerous excuses to the Plaintiffs that included the following:  that they 'forgot' a check, that the bank was closed and they could not get to the bank and that they had 'run out of checks' and were waiting for the bank to provide new checks.

19.     The Plaintiffs received continued assurances from the Defendants/Debtors over the next two to three months that the money would eventually be returned to them. However, after this period of time, the Defendants/Debtors still had no returned the money and began failing and/or refusing to return telephone calls or make contact with the Plaintiffs in any way.

20.     The Plaintiffs were then informed by an employee of the Defendants/Debtors sometime in May, 2008, that the Defendants/Debtors were laying off all employees of the company and planned on fleeing to California.

21.     The Plaintiffs appeared at the home of the Defendants/Debtors in late May, 2008 to confront them about the rumors and the return of the money.  The Defendants/Debtors informed that Plaintiffs that the rumors were not true, that employees were laid off so that new employees could be hired for less money and that the rumors were in fact started by the disgruntled, former employees.

22.     The Defendants/Debtors also informed the Plaintiffs that the money would be returned within one week and that work would resume on the property in June, 2008.

23.     However, the money was never returned and neither the Defendants/Debtors nor any employees ever appeared at the Plaintiff's residence to resume work.

24.     On or about July 9, 2008, the Plaintiffs became aware that the Defendants/Debtors telephone had been disconnected. The Defendants/Debtors also removed their excavator and all tools from the home of the Plaintiffs at approximately the same time.

25.     In addition, the Plaintiffs were approached by a plumber hired by the Defendants/Debtors and were informed that he had not been paid by the Defendants/Debtors for any fixtures supplied to or work performed at the Plaintiffs' home. The Plaintiffs subsequently paid this plumber the sum of $5,868.87 for money owed by the Defendants/Debtors to the plumber and not paid by them.

26.     On or about July 12, 2008, the Plaintiffs appeared at the home of the Defendants/Debtors to inquire as to status of the return of the money to them. Mrs. Strzelecki answered the door and informed the Plaintiffs that she was sorry for what happened to them and then closed the door.

27.     Shortly thereafter, the Plaintiffs became aware that Mrs. Strzelecki had quit her job and that the Defendants/Debtors had in fact moved to California.

## Request for Determination of Nondischargeability

28.     Bankruptcy Code § 523(a)(2) states that a discharge under § 727 does not discharge an individual debtor from any debt -

For money, property, services, … to the extent obtained by –

(A)False pretenses, a false representation, or actual fraud, other than a statement representing the debtor's or an insider's financial condition.

29.     The Defendants/Debtors obtained moneys from the Plaintiffs through false pretenses/representation and fraud by coercing them into paying moneys that were not due and owing and by failing to return these moneys and then keeping the moneys for themselves.

30.     Bankruptcy Code § 523(a)(4) states that a discharge under § 727 does not discharge an individual debtor from any debt for fraud or defalcation acting in a fiduciary capacity, embezzlement, or larceny.

31.     The Defendants/Debtors acting as a fiduciary for TCS Homes and Construction incurred certain debt through fraud and defalcation by accepting money that was to be paid to subcontractors and keeping it for themselves.


**Prayer**

A - The Plaintiffs respectfully request that the Court declare all debts owed to them to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2) and/or § 523(a)(4).

B - The Plaintiffs also respectfully request that they be awarded all costs of suit, including reasonable attorneys' fees, and for such other and further relief as is just.


Dated:  January 7, 2009


Respectfully submitted,
ANDREW J. DELISIO and
SARA DELISIO,
Plaintiffs
By their attorney:

/s/ Mark W. Bartolomei

Mark W. Bartolomei, Esquire
51 Union Street, Suite G10
Worcester, MA 01608
508-754-5900
BBO #561024

## CERTIFICATE OF SERVICE

I, Mark W. Bartolomei, do hereby certify that I have served a copy of the COMPLAINT upon those parties listed below by electronic mail, and/or US Postal Mail, on this 7th day of January, 2009.

Carl D. Aframe, Esq.
Aframe and Barnhill
370 Main Street,
Suite 975
Worcester, MA 01608

Janice G. Marsh, Chapter 7 trustee
The Marsh Law Firm, P.C.
446 Main Street
19th Floor
Worcester, MA 01608

Ted C. Strzelecki
Dba TCS Homes and Construction
147 North Main Street
Millbury, MA 01527

Julie A. Strzelecki
Aka Julie Bangma
147 North Main Street
Millbury, MA 01608

/s/ Mark W. Bartolomei
Mark W. Bartolomei, Esq.